walk on it, but such defect would not be permanent, a verdict for eight hundred dollars *held* not excessive.

3. ASSAULT AND BATTERY, § 14*—*what degree of proof necessary in civil action.* In a civil action for assault and battery, the plaintiff need only prove his case by a preponderance of the eyidence.

4. APPEAL AND ERROR, § 1241*—*when error in giving instructions unavailable by giving of similar instructions for adverse party.* In a civil action for damages for an assault and battery, any error in an instruction for the plaintiff that the latter need prove his case only by a slight preponderance of the evidence is unavailable where given instructions presented by defendant only require the plaintiff to prove his case by a preponderance of the evidence.

5. INSTRUCTIONS, § 87*—*when instruction on preponderance of evidence correct.* An instruction in a civil action that if plaintiff's evidence preponderates but slightly it is sufficient is correct.

---

## Harvey S. Converse, Appellee, v. Independent Breweries Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Bill by Harvey S. Converse, complainant, against Independent Breweries Company, defendant, to enjoin the prosecution of a forcible entry and detainer suit against complainant and another brewery company to obtain possession of a building used for saloon purposes, and to cancel a purported lease of said premises given by complainant to defendant on the ground of fraud. From a judgment for complainant, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

N. C. LYRLA, for appellant.

W. E. KNOWLES, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 35*—*when unsigned lease not complete contract.* A lease is not a complete contract until it is signed by both parties.

2. LANDLORD AND TENANT, § 39*—*when offer to lease revocable.* An offer to lease premises in the form of a written lease signed by the lessor may be withdrawn at any time before acceptance and execution of the same by the proposed lessee.

3. LANDLORD AND TENANT, § 39*—*what constitutes revocation of offer to lease.* The leasing of premises to a third person under an accepted option constitutes a withdrawal of an offer to lease premises consisting of a written lease signed by the lessor but not signed or accepted by the proposed lessee.

4. EVIDENCE, § 319*—*when parol evidence rule, inapplicable.* The rule that parol evidence is inadmissible to vary a written contract is inapplicable where such contract did not take effect.

5. LANDLORD AND TENANT, § 19*—*when evidence sufficient to sustain finding that lease not to be effective if third person exercised option to lease premises.* On a bill by the owner of premises to enjoin the prosecution of a forcible entry and detainer suit against plaintiff and his lessee, to obtain possession of the premises and to cancel a purported lease of said premises to complainant, where the evidence was conflicting, evidence *held* sufficient to sustain a finding that the lease to defendant was signed by complainant on condition that it was not to become effective if a third person elected to lease the premises under its pre-existing option.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.